IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| KINJAL SAMIT PATEL, *et al.*, Plaintiffs, | ) | |
| v. | ) | Civil Action No. 3:25CV961 (RCY) |
| KRISTI NOEM, *et al.*, Defendants. | ) | |

**MEMORANDUM OPINION**

This is an immigration action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, brought by Plaintiffs Kinjal Patel, Samit Patel, and their minor children, DSP and HSP (together, "Plaintiffs), who allege that Defendants Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), and Thomas Schuurmans, Nebraska Service Center Director (collectively, "Defendants"), unlawfully delayed adjudication of their Applications for Employment Authorization (Form I-765). The case is before the Court on Defendants' Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1), seeking dismissal of the Complaint for lack of subject matter jurisdiction. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the motion.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed an Amended Petition for Writ of Mandamus (hereinafter, "Complaint"), on December 11, 2025. Compl., ECF No. 4. Defendants filed a Motion to Dismiss and Memorandum in Support thereof on February 2, 2026. Mot. Dismiss, ECF No. 11; Mot. Dismiss Mem. Supp. ("Mem. Supp."), ECF No. 12. Plaintiffs filed their Response on February 17, 2026. Resp., ECF

No. 14. Defendants filed their Reply thereto on February 20, 2026. Reply, ECF No. 15. Defendants' Motion to Dismiss is now ripe for review.

## II. CLAIMS AT ISSUE

In the instant Motion, Defendants seek dismissal of claims in their entirety. Both claims arise from the United States Citizenship and Immigration Service's ("USCIS") alleged failure to adjudicate Plaintiffs' pending Applications for Employment Authorization. Specifically, Plaintiffs allege that Defendants have unlawfully withheld or unreasonably delayed agency action with respect to their Applications for Employment Authorization, in violation of the APA, 5 U.S.C. § 706(1). Next, Plaintiffs invoke the Mandamus Act, alleging that Defendants have failed to perform a duty owed to Plaintiffs with respect to those applications, pursuant to 28 U.S.C. § 1361.[1]

## III. RELEVANT FACTUAL ALLEGATIONS

Plaintiffs, a family of four, filed various submissions with USCIS on or about March 12, 2025. Compl. ¶¶ 5, 12. These submissions include: (1) Form I-918 Petitions for U-Nonimmigrant Status ("U-Visa Petitions"), seeking U-nonimmigrant status for the parent-Plaintiffs; (2) Form I-918 Supplement A Petitions for the minor children, seeking derivative U-nonimmigrant status for the children as qualifying family members; and (3) Form I-765 Applications for Employment Authorization, requesting employment authorization in connection with the pending U-Visa petitions. *Id.* ¶ 5.

USCIS has not yet issued a decision on Plaintiffs' various submissions. *Id.* Accordingly, Plaintiffs commenced the instant action, alleging that USCIS violated the APA by unreasonably delaying agency action, *id.* ¶ 14, focusing in particular on their pending Applications for

[1] Plaintiffs separately allege that jurisdiction is proper under 5 U.S.C. § 704, Compl. ¶ 1, but do not develop that contention in their briefing. *See generally* Resp. Section 704 governs the availability of judicial review under the APA; it does not independently impose a duty on the USCIS to adjudicate Plaintiffs' applications. Accordingly, Plaintiffs' reliance on § 704 does not alter the analysis that follows.

Employment Authorization, *see id.* ¶¶ 7, 12, 16. Plaintiffs' requested relief is limited to an order compelling Defendants to adjudicate their pending Applications for Employment Authorization. *Id.* ¶ 17(A) (praying that the Court issue an order "[c]ompel[ling] the Defendants . . . to perform their duties and complete the processing and final adjudication of the Plaintiffs' Application for Document (Form I-765)").[2]

## IV. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction. Motions under Rule 12(b)(1) fall into two different categories: a facial or a factual attack on jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). On a factual attack, the movant "challenges the veracity of the facts underpinning subject matter jurisdiction." *Id.* at 193. Conversely, on a facial attack, the movant does not challenge the veracity of the facts underpinning subject matter jurisdiction but instead argues that, taking the facts alleged as true, the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Id.* at 192. Facial challenges are assessed under the familiar Rule 12(b)(6) standard.[3] *Id.* at 193. The party asserting subject matter jurisdiction has the burden of establishing such jurisdiction. *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Defendants advance a facial attack. Mem. Supp. 6–7 (contending that the Court lacks subject matter jurisdiction to order the USCIS to adjudicate work authorization forms).

[2] *See also* Resp. 1 ("Plaintiffs brought their mandamus action . . . seeking an order directing the United States Department of Homeland Security . . . to complete the adjudication of their Application for Employment Authorization Application (Form 1-765)."). Accordingly, the Court confines its analysis to whether it has jurisdiction to grant that relief.

[3] When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* At the motion to dismiss stage, the Court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and whose authenticity is unchallenged, and matters of public record subject to judicial notice. *Id.* at 180.

Accordingly, the Court accepts all facts alleged as true in the following examination of its jurisdiction.

## V. ANALYSIS

The question presented in the instant Motion is whether either the APA or the Mandamus Act imbue this Court with subject matter jurisdiction to compel Defendants to adjudicate Plaintiffs' Applications for Employment Authorization. For the reasons that follow, the Court concludes that it lacks jurisdiction, and therefore it will grant Defendants' Rule 12(b)(1) Motion to Dismiss.

The Court proceeds in two parts: first, the Court summarizes the governing legal framework for U-Visa Petitions and Applications for Employment Authorization; second, the Court explains why it lacks jurisdiction to grant the relief sought.

### A. Legal Framework Governing U-Visa Petitions and Work Authorization Applications

Congress enacted the Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, § 101, 66 Stal. 163 (1952) (codified as amended at 8 U.S.C. § 1101), and vested the Secretary of Homeland Security with substantial authority over the admission of noncitizens into the United States. "The Secretary has, in turn, delegated much of that authority to the United States Citizenship and Immigration Services ('USCIS')." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 362 (4th Cir. 2021) (citing 6 U.S.C. § 112(b)(1)). Among the programs administered by USCIS is the U-Visa program, 8 C.F.R. § 214.14(c)(1), which provides immigration protections to certain noncitizens who are victims of qualifying criminal activity and who have assisted, are assisting, or are likely to assist law enforcement authorities, *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(a)(2)(B), 114 Stat. 1464, 1533 (2000) (codified at 8 U.S.C. § 1101(a)(15)). To apply for a U-Visa, a noncitizen must file a petition with USCIS and demonstrate that the petitioner:

> (1) "has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity"; (2) "possesses information concerning [the] criminal

> activity"; (3) "has been helpful, is being helpful, or is likely to be helpful to [government officials] investigating or prosecuting [the] criminal activity"; and (4) the criminal activity is a covered offense that "violated the laws of the United States or occurred in the United States . . . or the territories and possessions of the United States."

*Gonzalez*, 985 F.3d at 363 (alterations in the original) (quoting 8 U.S.C. §§ 1101(a)(15)(U)(i)(I)–(IV)).

Even when a petitioner establishes eligibility, however, Congress has limited the number of U-Visas that USCIS may issue to 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2)(A). Consequently, the number of eligible petitions inevitably exceeds the number of U-Visas that USCIS may grant in a given year. *See Gonzalez*, 985 F.3d at 363 (recognizing a "significant gap between [the number of] U-Visa petitions that meet the eligibility criteria and petitions that the agency may grant"). Given this gap, DHS prioritizes eligible petitioners based on their submission date, placing petitioners exceeding the 10,000 annual cap on a waiting list. *Id.* (citing 8 C.F.R. § 214.14(d)(2)). "Once approved and on the waiting list . . . 'USCIS, **in its discretion, may** authorize employment." *Id.* (emphasis added) (quoting 8 C.F.R. § 214.14(d)(2)).

Such discretion remains intact even after Congress amended the U-Visa program in 2008 through the William Wilberforce Trafficking Victims Protection Reauthorization Act, Pub. L. 110-457, 122 Stat. 5044. "Among other things, this Act amended § 1184(p)(6) to specify that the Secretary of Homeland Security '**may** grant work authorization to any alien who has a pending, bona fide application' for a U-Visa." *Gonzalez*, 985 F.3d at 363 (emphasis added). Thus, § 1184(p)(6) "provides express authority to grant work authorizations to applicants who—like Plaintiffs—neither hold a U-Visa nor sit on the waiting list." *Id.* at 364. "But its authority is discretionary." *Id.*

**B. The Court Lacks Jurisdiction to Provide the Relief Sought**

Plaintiffs contend that the Court may compel the adjudication of their Employment Authorization Applications pursuant to the APA or through a writ of mandamus. Compl. ¶¶ 2–3; *see also* Resp. 4–9. Citing *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021), Defendants contend that Plaintiffs' requested relief is foreclosed by binding Fourth Circuit precedent. Mem. Supp. 7. The Court agrees.

In *Gonzalez*, the plaintiffs' U-Visa petitions and applications for work authorization languished unadjudicated for at least five years. 985 F.3d at 365. They brought suit against USCIS under the APA and sought mandamus relief, challenging USCIS's "refusal to issue pre-wait-list work authorization" and the "unreasonable delay associated with adjudicating or issuing work authorization based on the Form I-765 application." *Id.* The Fourth Circuit rejected those claims, concluding that neither the APA nor mandamus relief authorized the courts to compel USCIS to adjudicate the plaintiffs' requests for pre-waiting-list employment authorization:

> The work-authorization claims fall beyond our jurisdiction. Under the Administrative Procedure Act and All Writs Act, we can only compel faster agency action if the agency is required to act. But neither congressional statutes nor agency regulations compel the agency to adjudicate these requested pre-waiting-list work authorizations.

*Id.* at 361–62; *see also id.* at 374 n.9 (holding that the mandamus claims likewise failed for lack of subject matter jurisdiction absent a nondiscretionary duty to act). The Fourth Circuit therefore held that the plaintiffs' claims that the USCIS "unreasonably delayed or unlawfully withheld adjudication of their requests for pre-waiting-list work authorizations [were] beyond [the courts'] power." *Id.* at 377.

Like the plaintiffs in *Gonzalez*, Plaintiffs ask this Court to compel USCIS to adjudicate their applications for employment authorization, maintaining that USCIS must adjudicate their pending applications. But, as made clear above, *Gonzalez* forecloses Plaintiffs' argument, and

Plaintiffs identify no intervening change in the governing statutes or regulations that would alter this analysis.[4] Accordingly, *Gonzalez* controls here, and Plaintiffs' APA and mandamus claims must be dismissed without prejudice[5] pursuant to Federal Rule of Civil Procedure 12(b)(1).

## VI. CONCLUSION

For the reasons detailed above, Defendants' Motion to Dismiss will be granted.

An appropriate Order shall issue.

/s/

Roderick C. Young
United States District Judge

Date: <u>August 21, 2026</u>
Richmond, Virginia

---

[4] Nor do Plaintiffs acknowledge *Gonzalez* in their briefing. *See generally* Resp.

[5] "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (citing Fed. R. Civ. P. 41(b) and collecting cases).